UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nancy Lee Bulick, | ) | CASE NO. 5:13 CV 1432 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. 18) recommending that the decision of the Commissioner be reversed and this matter remanded to defendant for further proceedings. The government objects to the R&R. For the following reasons, the decision is REJECTED in PART and ACCEPTED in PART. The decision of the Commissioner is AFFIRMED.

**ANALYSIS**

1

The government objects[1] to the Magistrate Judge's determination that the Administrative Law Judge ("ALJ") erred in determining that the ALJ erroneously applied the treating physician rule to Dr. Dang's opinion.  According to the government, Dr. Dang's treatment notes are not medical "opinions" and, therefore, the treating physician rule does not apply.  In response, plaintiff argues that while Dr. Dang did not submit a treating source medical opinion in a traditional form, the treatment notes show that the ALJ should have considered plaintiff's mental limitations when calculating plaintiff's residual functional capacity.

Upon review, the Court agrees with the government.  20 C.F.R. § 404.1527(a)(2) defines "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  *See also, Dunlap v. Commission of Social Security*, 509 Fed. Appx. 472 (6th Cir. Dec. 27, 2012)(statements made by treating physician did not constitute an "opinion"as that term is defined in 20 C.F.R. § 404.1527(a)(2)); *Messina v. Commissioner of Social Security*, 2013 WL 1196597 (S.D. Ohio March 25, 2013)(records containing treatment notes only are not "medical opinions" and, therefore, the treating source rule does not apply).  Here, plaintiff points to no medical opinion provided by Dr. Dang.  Rather, plaintiff simply points out the symptoms she reported to Dr. Dang.  For example, plaintiff argues

---

[1] Although plaintiff purports to object to the Magistrate Judge's conclusion that the ALJ properly applied the treating physician rule to the opinion of Dr. Ahmad, this objection is untimely.  The purported objection appears only in response to the government's objection.  Because the objection is not timely filed and plaintiff never sought leave to file her untimely objection, it will not be considered by the Court.

as follows:

> However, Dr. Dang's treatment notes show that [plaintiff] has anxiety and depression which causes her to be easily irritated. She is crying all the time. She has mood swings, sleep problems, and is unable to concentrate. She has increasing anxiety. And, she has experienced suicidal and homicidal ideations.

These statements all appear under the heading "symptoms" in the treatment notes. Although it appears that Dr. Dang diagnosed plaintiff with depression and anxiety, there is no statement of "nature and severity" of the symptoms or impairments, the prognosis, or any restriction Dr. Dang believes the depression or anxiety would cause plaintiff in a work setting. Therefore, the treatment notes do not constitute "opinion" evidence. As such, the ALJ did not err in failing to discuss the factors relevant to the treating physician rule as the rule applies only to opinion evidence. *See*, 20 CFR § 404.1527 (entitled "Evaluating opinion evidence"); 20 CFR § 404.1527("Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations...."). Accordingly, because plaintiff points to no medical opinion offered by Dr. Dang, the ALJ did not err in failing to apply the treating physician rule. As such, the government's objection is well-taken.

Although not directly responsive to defendant's objection, plaintiff argues that the ALJ wholly failed to consider Dr. Dang's treatment notes as evidence in plaintiff's case. The argument is rejected. As the Magistrate Judge carefully noted, the ALJ expressly referred to this evidence in her opinion:

> The claimant does not seek treatment with a psychologist or a psychiatrist, nor does she

attend counseling sessions. Her only mental health treatment is a prescribed medicinal regimen through her primary care provider, Son N. Dang MD. Dr. Dang's notes indicated that the claimant complained of feeling sad, nervous, tired, having difficulty sleeping, and a lack of energy.

Thus, contrary to plaintiff's argument, it is apparent from the face of the opinion that the ALJ did in fact consider this evidence. Accordingly, plaintiff's argument is not well-taken.

**CONCLUSION**

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Vernelis K. Armstrong (Doc. 18) is REJECTED to the extent it recommends remand for an analysis of the treating physician rule as it applies to Dr. Dang. The remainder of the R&R is ACCEPTED for the reasons stated therein. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/12/14